SAMUEL H. ROGERS *vs.* WILLIAM H. HAYDEN.

Sagadahoc.   Opinion November 5, 1897.

### *Contract.   Usage.   Price.*

The meaning of a contract cannot be varied by local usage unless it be uniform, reasonable and known to the parties, so that they may be presumed to have contracted with reference to it.

A usage that might nearly double the quantity of goods sold is unreasonable.

The plaintiff contracted to deliver on or near the premises, where defendant was building a cellar wall, certain stone at an agreed price per cubic yard.  He claimed, among other things, that by reason of a local usage the stone were to be measured as solid wall after they had been laid.  The defendant claimed that the contract price was by the cubic yard of the stone measured when delivered.  *Held;* that the contract fixed the price per cubic yard delivered, and not as solid wall after the stone had been laid.

ON MOTION BY DEFENDANT.

This was an action on the case to recover payment for building stone sold by the plaintiff to the defendant, under a verbal contract.

The plaintiff claimed payment for 102 cubic yards, 17 cubic feet two-faced stone at $3.75 per cubic yard and ten cubic yards, 12 cubic feet one-faced stone at $2.35 amounting to $409.42.   The defendant contended that he owed the plaintiff for 58 cubic yards, 12 cubic feet, 724 cubic inch two-faced stone at $3.50 per cubic

yard, and eight cubic yards, 26 cubic feet, 1162 cubic inch, at $2.35 per cubic yard amounting to $225.72.

Plaintiff recovered a verdict of $407.53.

*S. L. Fogg*, for plaintiff.

*G. E. Hughes*, for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

HASKELL, J. Assumpsit for the contract price of stone sold and delivered. The contract was to deliver on or near the premises where defendant was building a cellar wall certain stone at an agreed price per cubic yard. The plaintiff claimed the contract included certain two-faced stone at $3.75 per cubic yard and that by reason of a local usage the stone were to be measured as solid wall after they had been laid. The defendant claimed the contract price was $3.50 per cubic yard measured when delivered. The verdict was for plaintiff, manifestly including the quantity measured as masonry. Defendant asks to have it set aside as against evidence and because it is excesssive.

The contract fixed the price per cubic yard delivered. That meant cubic yards of stone, not of masonry. That meaning cannot be varied by local usage, unless it be uniform, reasonable and known to the parties, so they may be presumed to have contracted with reference to it. *Marshall* v. *Perry*, 67 Maine, 78; *Schooner Reeside*, 2 Sum. 567. The measure in the wall was over 102 cubic yards, on the dump about 58. Certainly a usage that might nearly double the quantity of goods sold must be unreasonable. Better have honest measure and fair price.

*Motion sustained.*